**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ALFONSO GIL HERNANDEZ GONZALEZ,**<br>**Petitioner,**<br>**v.**<br>**TODD BLANCHE, *et al.*,**<br>**Respondents.** | **Case No. 26–cv–10602–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Alfonso Gil Hernandez Gonzalez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1. Petitioner is a citizen of Mexico. (*Id.* ¶ 5.)

2. On May 31, 2011, petitioner was convicted of simple assault in New Brunswick Municipal Court. (ECF No. 5–1 p. 4.)

3. On June 20, 2011, petitioner was ordered removed from the United States. (ECF No. 5–2 p. 1.) The removal order indicates that both parties waived appeal. (*Id.*)

4. Petitioner was detained by Immigration and Customs Enforcement (ICE) on August 19, 2026. (ECF No. 1 ¶ 14.)

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. Respondents submitted a letter on August 18, 2026 stating that petitioner is being detained pursuant to 8 U.S.C. § 1231. (ECF No. 5 p. 1.)

7. "In the deportation context, a final order of removal is a final order concluding that the noncitizen is deportable or ordering deportation."

*Nasrallah v. Barr*, 590 U.S. 573, 579 (2020) (cleaned up). "[F]inal orders of removal may not be reviewed in district courts, even via habeas corpus, and may be reviewed only in the courts of appeals." *Id.* at 580.

8. The order of removal asserts that both parties waived appeal. (ECF No. 5–2 p.1.) Therefore, the order of removal is administratively final, and petitioner is subject to §1231's detention provisions.

9. Section 1231 states in relevant part that after a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. §1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

10. The order of removal became administratively final on June 20, 2011, so §1231's mandatory detention period ended on September 19, 2011.

11. There is a distinction between mandatory detention during the 90-day removal period pursuant to §1231(a)(1)(A) and permissible detention pursuant to §1231(a)(6), which "authorizes detention for a timeframe 'reasonably necessary to bring about that alien's removal from the United States.'" *Diaz-Ortega v. Lund*, No. 1:19–cv–00670–P, 2019 WL 6003485, at *11 (W.D. La. Oct. 15, 2019) (quoting *Zadvydas*, 533 U.S. at 689), *report and recommendation adopted*, No. 1:19–cv–00670–P, 2019 WL 6037220 (W.D. La. Nov. 13, 2019). The presumptively permissible timeframe for post-removal-period detention is six months. *Zadvydas*, 533 U.S. at 701.

12. Petitioner has only been detained since August 19, 2026, meaning that he is well within *Zadvydas*'s six-month implicit reasonableness limitation. *See Callender v. Shanahan*, 281 F. Supp. 3d 428, 435 (S.D.N.Y. 2017) ("[T]he six-month presumptively reasonable period of detention under *Zadvydas* ... could not have begun until he was detained by ICE ...." ((internal citation and quotation marks omitted).)

13. However, "[a]lthough the Supreme Court established a six-month period of presumptively reasonable detention, it did not preclude a detainee from challenging the reasonableness of his detention before such time." *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395 (D.N.J. 2025); *see also Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, ... and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits."); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The six-month *Zadvydas*

presumption is just that—a presumption ... not a prohibition on claims challenging detention less than six months." (internal quotation marks omitted)); *Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wisc. 2008) ("The *Zadvydas* Court did not say that the presumption is irrebuttable, and there is nothing inherent in the operation of the presumption itself that requires it to be irrebuttable.")

14. [I]f a detainee provides '*good* reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future,' the government must respond with evidence sufficient to rebut that showing." *Munoz-Saucedo*, 789 F. Supp. 3d at 395 (emphasis in original) (quoting *Zadvydas*, 533 U.S. at 701).

15. I conclude that petitioner has not made an initial showing in this matter that his removal is not likely in the reasonably foreseeable future or that his continued detention would violate his due process rights.[1]

16. I do not have jurisdiction to reach petitioner's claims about his initial arrest as that claim is now "inextricably linked" to his removal order. *See Khalil v. President, United States*, 164 F.4th 259, 274–75 (3d Cir. 2026).

Accordingly,

**IT IS** on this **25th** day of **August 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DENIED WITHOUT PREJUDICE.**

2. Any restrictions imposed on petitioner's location by this Court are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

[1] I emphasize that my decision is limited to the facts alleged in the Petition and express no opinion as to whether petitioner may be able to make out a prolonged detention claim in the future.